UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GABRIEL ARCHER,

                              Case No.

                  Plaintiff,

      -against-

                              **COMPLAINT**

THE CITY OF NEW YORK, PAUL MARTIN (TAX
938946) and JOHN DOES 1-4,                       **A TRIAL BY JURY**


                  Defendants.
------------------------------------------------------------------------X

      Plaintiff Gabriel Archer, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

      1.     At all times hereinafter mentioned, plaintiff Gabriel Archer, was an adult male resident of Kings County, within the State of New York.

      2.     At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

      3.     At all relevant times hereinafter mentioned, defendant Paul Martin was a police officer employed by New York City as a member of the NYPD, with Tax Registration No.: 938946. Martin is sued herein in his official and individual capacities.

      4.     At all relevant times hereinafter mentioned, defendants John Does 1-4 are individuals whose identity is unknown at present and who were at all relevant times herein

1

employed by the City of New York as a member of the NYPD. John Does 1-4 are sued in both their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York resided, and where the majority of the actions complained of herein occurred.

7. Plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. The within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

**RELEVANT FACTS**

10. On March 28, 2014, at or about 6:00 P.M., plaintiff was present in front of 266 Malcolm X Boulevard in Kings County, New York.

11. Plaintiff had not been engaged in any criminal conduct, nor was he engaged in any conduct that could reasonably be viewed as criminal.

12. Plaintiff was stopped and searched by several members of the NYPD, including defendant Martin and the Doe defendants.

13. Although plaintiff was not in possession of any contraband or engaged in any criminal or unlawful conduct, he was handcuffed and taken into the defendants' custody.

14. Plaintiff was eventually transported to a local area police precinct station house in Kings County.

15. While plaintiff was at the station house, the arresting officer, believed to be Martin, drafted arrest paperwork under arrest number K14627469.

16. Plaintiff was later transported to Kings County Central Booking, where he was imprisoned for many more hours. Plaintiff was then summarily released without an explanation and without being charged.

17. At no time did there exist sufficient cause to seize or arrest the plaintiff, nor could the defendants have reasonably believed that such cause existed.

18. The arrest and imprisonment of plaintiff were objectively unreasonable.

19. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff by the other individual defendants despite ample opportunity to do so.

20. At all times relevant herein, defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

21. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

22. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause and without a reasonable basis to believe such cause existed.

23. By so doing, the individual defendants subjected the plaintiff to false arrest and imprisonment, and unlawful searches of person and property, either by their affirmative actions

or failure to intervene in their colleagues' conduct, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

24. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

25. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

26. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, subjected to false arrest and imprisonment, and an unlawful search of his person and property by the individual defendants.

27. Defendant City of New York is therefore vicariously liable under New York common law to plaintiff for the excessive force, unlawful search, seizure, and false arrest and imprisonment of plaintiff by its employees and agents under the doctrine of respondeat superior.

28. By reason thereof, the municipal defendant has caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    a. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    b. on the second cause of action, actual damages in an amount to be determined at trial;

    c. statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    d. such other relief as the Court deems just and proper.

Dated: New York, New York
       June 8, 2015

                              LUMER & NEVILLE

                              Attorneys for Plaintiff

                              By: _____
                              Michael Lumer, Esq.
                              Chaya Gourarie, Esq.
                              225 Broadway, Suite 2700
                              New York, New York 10007
                              P: (212) 566-5060
                              F: (212) 406-6890